**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 05-149-C**

**STEPHEN W. KOEBEL, ET AL.,**                                                              **PLAINTIFFS,**

**V.**                 **MEMORANDUM OPINION AND ORDER**

**SOUTHERN GRAPHIC SYSTEMS, INC.**
**PENSION PLAN, ET AL.,**                                                                                      **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendants' motion to dismiss counts 2 and 3 (DE 6) of the plaintiffs' complaint pursuant to F.R.C.P. 12(b)(6).[1] The defendants argue that the substantive remedy demanded by the plaintiffs is not available for the procedural violations alleged in counts 2 and 3. The defendants also argue that count 2 is improper because a plaintiff may not seek both legal and equitable relief under section 502(a) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a). The court, having reviewed the record and being otherwise sufficiently advised, will deny the defendants' motion.

A dismissal under Rule 12(b)(6) can be granted only when the defendants establish beyond doubt that the plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45-

---

[1] As a preliminary matter of clarification, the court points out that the plaintiffs intermittently refer to the defendants' motion as one seeking to dismiss counts 1 and 2, but in fact the defendants' motion addresses counts 2 and 3. This order considers the counts properly before the court -- counts 2 and 3.

46 (1957). The court must consider the pleadings in the light most favorable to the plaintiffs and take the factual allegations in the complaint as true. *Jones v. Carlisle*, 3 F.3d 945, 947 (1993).

**Background**

As alleged by the plaintiffs, the defendants consistently calculated disability pension benefits without applying a reduction for early retirement for at least 15 years. Sometime in 2001, without changing the language of the provision or providing notice to the employees of an intention to change their practice, the defendants began reducing disability pension benefit awards based on a claimant's early retirement. This change in policy resulted in a reduction in the amount of benefits paid to the plaintiffs.

Count 1 of the complaint alleges that the defendants' change in calculation method was arbitrary and capricious and violates section 502(a)(1)(B). The plaintiffs request a recalculation of benefits without the newly imposed reduction. Count 2 claims that the new interpretation resulted in a reduction in accrued benefits in violation of section 204(g), 29 U.S.C. §1054(g), and that failure to provide notice of that reduction violated section 204(h). In count 2, the plaintiffs demand an injunction to prevent the defendants from applying the reduction pursuant to section 502(a)(3), as well as a reward of unreduced benefits under section 502(a)(1)(B). Count 3 charges the defendants with violating section 402(b)(3), 29 U.S.C. § 1102(b)(3), and sections 102(a) and 104(b)(1), 29 U.S.C.

§§ 1022(a) and 1024(b)(1), by failing to properly amend the plan to reflect the new method of calculation and by failing to give notice of their intention to amend the plan. The plaintiffs claim they are entitled to relief in the form of unreduced disability pension benefits under section 502(a)(1)(B) for the violations alleged in count 3.

**Legal Analysis**

In count 2, the plaintiffs seek both legal and equitable relief from the implementation of the early retirement reduction. Section 502(a)(1)(B) allows a participant in an ERISA plan "to recover benefits due to him under the terms of his plan, to enforce his rights under the plan, or to clarify his rights to future benefits under the terms of the plan." Section 502(a)(3) gives a plan participant the right to sue for an injunction or "other appropriate equitable relief" from violations of section 502 and violations of plan terms.

The Sixth Circuit has found that section 502(a)(3) does not allow the recovery of benefits allegedly owing under an employee pension plan even where the recovery is sought via equitable means, including judgment, declaration, or, as the plaintiffs here request, injunction. *Crosby v. Bowater Inc.*, 382 F.3d 587, 594 (6th Cir. 2004). The equitable relief provided by section 502(a)(3) is intended as a "catchall" for "injuries caused by violations that section 502 does not elsewhere adequately remedy." *Varity Corp. v. Howe,* 516 U.S. 489, 512 (1996). Equitable relief is thus not "appropriate" under section 502(a)(3) where an award of benefits

due under the plan pursuant to section 502(a)(1)(B) would be adequate. *Id.* at 515. Therefore, if a remedy for the alleged reduction in accrued benefits exists under another subsection of section 502, the plaintiffs' claim for injunctive relief will fail.

In order for a plaintiff to recover under section 502(a)(1)(B), the right sought to be enforced must be a "benefit due" under the plan. *Fraser v. Lintas: Campbell-Ewald*, 56 F.3d 722, 725 (6th Cir. 1995). The right to receive *notice* of a reduction in accrued benefits is not a "benefit due," and therefore is not properly the subject of a section 502(a)(1)(B) claim. *Id.* (finding that right to notice of potential tax advantages as required under ERISA was not a "benefit due" under the plan terms). Accrued benefits, however, are "benefits due" as required by section 502(a)(1)(B).

Because an award of benefits is not available under section 502(a)(3), recoveries under sections 502(a)(1)(B) and 502(a)(3) are mutually exclusive, and the plaintiffs may recover for any wrongfully denied accrued benefits under section 502(a)(1)(B), the request for injunctive relief in count 2 is not viable. However, insofar as count 2 alleges an impermissible reduction in benefits and requests payment of the amount owing, it does state a claim upon which the plaintiffs could be entitled to relief. Dismissal of count 2 is therefore not justified.

Unlike count 2, count 3 alleges only procedural violations arising out of the modification in benefit calculations. Even assuming that the defendants did violate disclosure requirements, the alleged procedural violations are not appropriate

grounds for the substantive remedy requested, namely unreduced benefits under section 502(a)(1)(B). *Lewandowski v. Occidental Chem. Corp.*, 986 F.2d 1006 (6th Cir. 1993) (plan administrator's failure to follow notification and disclosure procedures was not a proper basis for benefits award); *see also Fraser*, 56 F.3d at 725. However, the procedural violations alleged by the plaintiffs, if proven, may be remediable under another provision of ERISA, and dismissal at this time is therefore not proper. Accordingly,

**IT IS ORDERED** that the defendants' motion to dismiss counts 2 and 3 (DE 6) of the plaintiffs' complaint is **DENIED**.

Signed on  June 20, 2005

**Jennifer B. Coffman, Judge**
**United States District Court**

5