UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 05-149-C

STEPHEN W. KOEBEL, ET AL.,                                             PLAINTIFFS,

V.                    MEMORANDUM OPINION AND ORDER

SOUTHERN GRAPHIC SYSTEMS, INC.
PENSION PLAN, ET AL.,                                                  DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiffs' motion for summary judgment (DE 15). The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiffs' motion.

Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The moving party's burden can be satisfied by demonstrating that there is an absence of evidence to support the non-moving party's case. *Id*. at 324-25. To survive summary judgment, the non-moving party must come forward with evidence on which the jury could reasonably find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). The non-moving party must present more than a mere scintilla of evidence to defeat a motion for summary judgment. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989); Fed. R. Civ. Pro. 56 (e). The court must view all of the evidence in the light most favorable to the party opposing summary judgment. *See*

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**Background**

The relevant facts are undisputed. The plaintiffs are former employees who were covered by a benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101, *et seq.*, ("the Plan"). The Plan provides disability retirement benefits as follows:

> A Participant who has completed at least ten (10) Years of Service and who incurs a Disability shall be eligible to receive the Actuarial Equivalent, determined as of the first day of the month which includes the last day he was actively at work with the Employer, of a benefit calculated in accordance with Section 4.1 based on (i) his Final Average Compensation at the time the Disability was incurred and (ii) his Years of Benefit Service as of the time the Disability was incurred.

Plan, at § 4.4. Section 4.1 describes the method of calculating normal retirement benefits, which applies to persons who retire after attaining normal retirement age. *Id.,* at § 4.1. Normal retirement age is either age 65 or any time after completing 5 years of service, whichever is later. *Id.*, at § 1.22. The actuarial equivalent for a non-lump sum distribution is "a benefit of equivalent value determined on the basis of" a set interest rate and group annuity table with a one-year set back. *Id.* at § 1.2.

The plaintiffs allege that, for at least 15 years, the defendants consistently calculated disability pension benefits without applying a reduction for early retirement. Sometime in 2001, without changing the language of the provision or providing notice to the employees of any intention to change their practice, the

2

defendants began reducing disability pension benefit awards based on a claimant's early retirement. As a result, the plaintiffs received a smaller disability retirement award than they had expected in light of the earlier method. The defendants explain that previous awards omitting the early retirement reduction were calculated incorrectly, and the defendants were required to alter their procedure to comply with the terms of the Plan.[1]

Count 1 of the complaint alleges that the defendants' change in calculation method was arbitrary and capricious and violates section 502(a)(1)(B). The plaintiffs request a recalculation of benefits without the newly imposed reduction. Count 2 claims that the new interpretation resulted in a reduction in accrued benefits in violation of section 204(g), 29 U.S.C. §1054(g), and that failure to provide notice of that reduction violated section 204(h). In count 2, the plaintiffs demand an injunction to prevent the defendants from applying the reduction pursuant to section 502(a)(3), as well as a reward of unreduced benefits under section 502(a)(1)(B). Count 3 charges the defendants with violating section 402(b)(3), 29 U.S.C. § 1102(b)(3), and sections 102(a) and 104(b)(1), 29 U.S.C. §§ 1022(a) and 1024(b)(1), by failing to properly amend the Plan to reflect the new

---

[1] In support of their argument, the defendants discuss their participation in the Internal Revenue Service ("IRS") Voluntary Correction of Operational Failures Program, through which the defendants' correction of its previous mistake was approved. As the plaintiffs point out, the results of participating in that program do not dictate the parties' rights and obligations under ERISA. However, the defendants' prior error is evident from the language of the Plan, without reference to IRS confirmation.

method of calculation and by failing to give notice of their intention to amend the Plan. The plaintiffs claim they are entitled to relief in the form of unreduced disability pension benefits under section 502(a)(1)(B) for the violations alleged in count 3.

**Standard of Review**

Under ERISA, a district court analyzes the decision of the Plan administrator under either a *de novo* or an arbitrary and capricious review standard, depending on whether the plan grants the administrator discretionary authority. *Sanford v. Harvard Indus., Inc.,* 262 F.3d 590, 596 (6th Cir. 2001). In this case, the Plan explicitly grants discretionary authority to the administrator, and accordingly, the court will apply an arbitrary and capricious standard of review.[2] If it is possible to give a reasoned explanation for the administrative decision that is based on the evidence, then the decision is not arbitrary or capricious. *Davis v. Ky. Fin.,* 887 F.2d 689, 693 (6th Cir. 1989).

**Legal Analysis**

The terms of an ERISA plan must be interpreted according to their plain meaning. *Perez v. Aetna Life Ins. Co.,* 150 F.3d 550, 556 (6th Cir. 1998). Where a plan term is ambiguous, the Sixth Circuit considers "past interpretation and past application of the plan and consistency of the interpretation with a fair reading of the plan, including the goals of the plan" to determine whether the administrator's

---

[2]The parties have agreed that the arbitrary and capricious standard of review is appropriate in this case.

interpretation in a given case is rational. *Artley v. McLouth Steel Corp.*, 1988 U.S. App. LEXIS 7641, at *12 (6th Cir., June 3, 1988); *see also Adcock v. Firestone Tire & Rubber Co.*, 822 F.2d 623, 626 (6th Cir. 1987) (considering past interpretation and application and consistency with fair reading of plan in finding present interpretation reasonable); *Leonard v. Sw. Bell Corp.*, 341 F.3d 696, 703 (8th Cir. 2003) (considering interpretation's consistency with plan goals, consistency with ERISA, consistency with prior interpretations, consistency with plain language of plan, and internal consistency with other language in the plan).

The defendants argue that the Plan is not ambiguous, their past interpretation and application of the disability retirement benefit provision was inconsistent with the unambiguous terms of the Plan, and therefore they are not bound by their prior practice. Where the terms of a plan are clear, extrinsic evidence is not admissible to interpret them. *Epright v. Envtl. Res. Mgmt., Inc.*, 81 F.3d 335, 340 (3d Cir. 1996) (no extrinsic evidence allowed where definition provided). Specifically, "past practice is of no significance where the plan document is clear." *Id.* at 339, *citing Blau v. Del Monte Corp.*, 748 F.2d 1348, 1353 (9th Cir. 1984). Consistent misinterpretation of a term "does not mean that such misinterpretation should be deemed part of the Plan and sanctioned as lawful." *Id.* at 340; *see also Foley v. Int'l Bhd. Elec. Workers Local Union 98*, 271 F.3d 551, 558 (district court erred in requiring administrator to follow past "poor administrative practices").

The language of the Plan in this case is unambiguous: a participant who

becomes disabled prior to reaching his normal retirement age may be entitled to "the Actuarial Equivalent" of his normal retirement benefit, defined in section 4.1 of the Plan. Because there is no ambiguity, there is no room for discretionary interpretation, and the administrator's prior misinterpretation and misapplication of the provision are irrelevant. Furthermore, given the clarity of the terms of the Plan, any oral representations made to the plaintiffs that their benefits would be calculated other than as explicitly provided in the Plan are not binding on the defendants. *See Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 402-03 (6th Cir. 1998). The defendants' calculation of the plaintiffs' disability retirements is consistent with the plain language of the Plan, and therefore is neither arbitrary nor capricious.

Sections 204(g) and 204(h) prescribe amendment and notice procedures that an administrator must follow when decreasing accrued benefits under an ERISA plan. Sections 402(b)(3), 102(a), and 104(b)(1) refer to the fiduciary obligation to provide a plan summary, including a summary of material modifications or changes in information. The defendant maintains that those sections do not apply here, because the Plan was not amended. The defendants further contend that, even if the court finds that the Plan was amended, any amendment at issue in this case is not subject to sections 204(g) and 204(h), because the disability retirement benefit is not an accrued benefit.

The plaintiffs argue that a change in interpretation of the Plan constitutes a "de facto amendment," and that sections 204(g), 204(h), 402(b)(3), 102(a), and

6

104(b)(1) are thereby applicable.  Assuming that "[a]n erroneous interpretation of a plan provision that results in the improper denial of benefits to a plan participant may be construed as an 'amendment' for the purposes of ERISA § 204(g)," *Hein v. Fed. Deposit Ins. Corp.*, 88 F.3d 210, 216 (3d Cir. 1996), as discussed above, this case does not involve interpretation, because the relevant Plan provision is unambiguous.  Even if the defendants' actions had involved an interpretive element, the correction of their previous error was not erroneous and, furthermore, did not result in the improper denial of benefits.  Because there was no amendment to the Plan, none of these sections are implicated.[3]  Accordingly,

**IT IS ORDERED** that the plaintiff's motion for summary judgment (DE 15) is **DENIED**.

Signed on  October 12, 2005

Jennifer B. Coffman, Judge
United States District Court

---

[3] Having resolved the motion for summary judgment under sections 204(g) and 204(h) on the grounds that there was no amendment to the Plan, the court need not address whether the disability retirement benefits at issue in this case are accrued benefits, subject to the amendment and notice requirements of those sections.

8